Order, Supreme Court, New York County (Ellen M. Coin, J.), entered November 14, 2012, which granted the motion of defen *638 dant Sotheby’s, Inc. for summary judgment dismissing the complaint as against it, and denied plaintiffs cross motion for summary judgment on its breach of contract cause of action against Sotheby’s, unanimously affirmed, with costs.
The consignment agreement between plaintiff and Sotheby’s permitted Sotheby’s to withdraw the artwork owned by plaintiff from auction if Sotheby’s had any doubt, in its sole judgment, as to the work’s “attribution” as defined in the Federal Visual Artists Rights Act of 1990 (17 USC § 106A). After the artwork was scheduled to be auctioned, defendant Noland, the author of the artwork, demanded that Sotheby’s withdraw the work from auction, asserting that her honor and reputation would be prejudiced if the artwork were offered for sale with her name associated with it in light of material and detrimental changes to the work that had occurred since its creation, in violation of her rights under the Federal Visual Artists Rights Act of 1990 (17 USC § 106A; see generally Carter v Helmsley-Spear, Inc., 71 F3d 77, 81 [2d Cir 1995], cert denied 517 US 1208 [1996]). In light of Noland’s assertion and a report showing that the work had been damaged and restoration had been performed on it, Sotheby’s did not breach the contract or its fiduciary duty to plaintiff by withdrawing the work from auction. Concur — Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.